UNITED STATES DISTRICT COURT    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JACOB WILLIAMS | CIVIL ACTION NO. 16-CV-01049 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| STATE NATIONAL INSURANCE CO., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants Timothy L. Herrington, Southern Tire Mart, L.L.C., and State National Insurance Company. Defendants premise federal jurisdiction on diversity of citizenship.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." See id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of an LLC, a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Plaintiff Jacob Williams filed this suit against Defendants Timothy Herrington, State National InsuranceCo., Southern Tire Mart, L.L.C., and Robison Tire Co.

Plaintiff Williams also filed a "Motion for Leave to File First Supplemental and Amending Complaint" (Doc. 16, 19) to add Larry Smith and State Farm Mutual Automobile Insurance Company. Defendants oppose that motion (Doc. 18), contending its purpose is to destroy diversity jurisdiction. The Court cannot consider that motion until its jurisdiction at the time of removal is established.

Plaintiff Jacob Williams is a Louisiana resident.

Defendant Timothy Herrington is a resident of Mississippi.

Defendant State National Insurance Company was incorporated in Texas and has its principal place of business in Texas.

Defendant Robison Tire Company was incorporated in Mississippi and has its principal place of business in Mississippi. Robison was dismissed as a defendant after the case was removed (Doc. 16).

Defendants allege that Southern Tire Mart, L.L.C. is "incorporated in the State of Mississippi and has its principal place of business in the State of Mississippi." The pleadings do not show the identities and citizenships of the members/owners of Southern Tire Mart, L.L.C.

Therefore, diversity is not shown in the pleadings. Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **14 days** from service of this Order on Defendants, Defendants SHALL FILE: (1) a Jurisdictional Memorandum setting forth the citizenship of all parties to this lawsuit, and the state of citizenship of each member as of the date of removal; and (2) a motion under for leave to amend the jurisdictional allegations of the notice of removal 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED Plaintiff will be allowed **seven days** from receipt of Defendants' memorandum regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  1st  day of May, 2017.

                Joseph H.L. Perez-Montes
                United States Magistrate Judge