UNITED STATES DISTRICT COURT        b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACOB WILLIAMS | CIVIL ACTION NO. 16-CV-01049 |
| VERSUS | CHIEF JUDGE DRELL |
| STATE NATIONAL INSURANCE CO., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## JURISDICTIONAL REVIEW ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants Timothy L. Herrington, Southern Tire Mart, L.L.C., and State National Insurance Company. Defendants premise federal jurisdiction on diversity of citizenship.

Defendants were ordered to clarify the parties' citizenship to establish the basis for diversity jurisdiction (Doc. 22).

Defendants contend that Defendant Southern Tire Mart, L.L.C. is a limited liability company owned by two trusts: the Thomas Milton Duff Individual Trust and the James Ernest Duff Individual Trust (Doc. 25). Defendants allege that both trusts are "residents of Mississippi" (Doc. 25). Defendants also contend that Thomas Duff and James Duff are both residents of Mississippi (Doc. 25).

The "citizens" upon whose diversity a party grounds jurisdiction must be real and substantial parties to the controversy. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980). A federal court must disregard nominal or formal parties and rest

jurisdiction only upon the citizenship of real parties to the controversy. Navarro Sav. Ass'n, 446 U.S. at 461.

Traditionally, a trust is not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016). Trusts do not have "members." Rather, a trust exists where a settlor transfers title of property to a trustee to hold in trust for the benefit of beneficiaries. See Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C., 847 F.3d 302, 307 (5th Cir.2017) (citing Americold, 136 S. Ct. at 1016). A trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. See Navarro Sav. Ass'n, 446 U.S. at 464 (citing Bullard v. Cisco, 290 U.S. 179, 189 (1933).

However, many States have applied the "trust" label to a variety of unincorporated entities that have little in common with the traditional trust template. Since such an entity is unincorporated, it possesses the citizenship of all its members. Americold Realty Trust, 136 S. Ct. at 1016 (citing C.T. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990)).

The citizenship of Southern Tire Mart, L.L.C. is the citizenship of its members, the Thomas Milton Duff Individual Trust and the James Ernest Duff Individual Trust. Defendants have not shown whether the Thomas Milton Duff Individual Trust and the James Ernest Duff Individual Trust are traditional trusts or are business entities that have been designated as trusts. Depending on which they are,

Defendants must show either the identities and residences of the trustees, or the identities and residences of the beneficiaries or members of the trusts.

Accordingly, Defendants have through **May 30, 2017** to amend their response to the Court's order (Doc. 22) to show the citizenship of Southern Tire Mart, L.L.C.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge