UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| JACOB WILLIAMS, Plaintiff | CIVIL ACTION NO. 1:16-CV-01049 |
| VERSUS | CHIEF JUDGE DRELL |
| STATE NATIONAL INSURANCE CO., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File First Supplemental and Amending Complaint filed by Plaintiff Jacob Williams ("Williams"). (Doc. 16).

I. Background

This matter arises from a June 24, 2015 motor vehicle accident in Pineville, Louisiana. The vehicle driven by Larry Smith ("Smith") stalled in the middle turning lane on Louisiana Highway 28 East. Williams was attempting to use his vehicle to push Smith's vehicle out of the roadway. Another vehicle, driven by Daryl Prestridge ("Prestridge"), was directly behind Williams's vehicle. Timothy Herrington ("Herrington") was driving an 18-wheeler, owned by Southern Tire Mart. Herrington's vehicle struck Prestridge's vehicle, which then struck Williams's vehicle. Williams's vehicle in turn struck Smith's vehicle.

Williams filed suit in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. Williams named as defendants State National Insurance Company, Robinson Tire Company, Southern Tire Mart, LLC, and Timothy

Herrington. The case was then removed to federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Williams seeks leave to file a First Supplemental and Amending Complaint to add Smith and State Farm Mutual Automobile Insurance Company as defendants. Smith's addition as a defendant would destroy subject matter jurisdiction, as Defendant Smith is a citizen and resident of Ball, Louisiana, and Plaintiff Williams is a citizen and resident of Pineville, Louisiana.

II. Law and Analysis

A motion for leave to amend to add a non-diverse party which would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e) and triggers the application of the four-factor test found in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

When the court considers a motion amending a complaint to add a new, non-diverse party, it should scrutinize that amendment more closely than an ordinary amendment. Hensgens, 833 F.2d 1179. The Fifth Circuit has set forth a four-factor test for determining whether the addition of a non-diverse defendant requiring remand should be granted or denied. Id. at 1182. The four factors are: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be

2

significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." Id. If the court permits the amendment of the non-diverse defendant, the case is remanded to the state court; if the court does not allow the amendment, then the federal court maintains jurisdiction. Id.

### A. The extent to which the purpose of the amendment is to defeat federal jurisdiction.

With respect to the first factor, "in analyzing whether the purpose of amendment is to destroy diversity, courts consider whether the proposed amendment presents a valid cause of action." Naquin v. Wal-Mart Stores, Inc., No. 16-cv-00845, 2016 WL 6208609, at *3 (W.D. La. Sept. 28, 2016) (citing Mitchell v. Wal-Mart Stores, Inc., No. 6:15-2506, 2016 WL 447721, at *3 (W.D. La. Feb. 4, 2016) (internal quotation marks omitted). If the amendment sets forth a valid claim, "it is unlikely that the primary purpose of [the amendment] is to destroy diversity jurisdiction." Id. Courts also consider whether the plaintiff knew or should have known the identity of the non-diverse defendant at the time the state complaint was filed. Mitchell, 2016 WL 447721, at *4 (citing Penny Realty Inc. v. Southwest Capital Services, Inc., No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008).

Smith's identity was known to Williams at the time the state court petition was filed, yet Williams chose not to include him as a defendant in that action. Williams argues that he chose not to include Smith until counsel for Defendants indicated that he would attempt to place fault on Smith in order to potentially reduce Williams's recovery against Defendants. (Doc. 16, p. 16/26). Therefore, Williams

3

argues he must add Smith as an additional defendant in order to protect his rights, and is not motivated by a desire to destroy diversity jurisdiction. (Id.).

Both parties admit that Williams has a valid cause of action against Smith, and cite numerous cases where stalled vehicles have been assessed a percentage of fault in automobile accidents. (See doc. 16, pp. 15-16/26; doc. 18, p. 6/60). Yet, Defendants argue that, since Williams's own vehicle was stopped in the roadway while participating in the effort to push Smith's stalled vehicle out of the roadway, Williams was at fault for the accident in much the same way as Smith. Therefore, Defendants argue, Williams has no interest in arguing at trial that Smith was at fault for the accident, as to do so would involve Williams placing himself at fault.

Nonetheless, Williams does have a valid claim against Smith, and Smith has a clear connection to the case. If Defendants argue that Smith was at fault, that could reduce potential recovery and, as noted below, could lead to inconsistent results. Therefore, the Court cannot conclude that the *primary* purpose of the amendment is to defeat jurisdiction. This factor weighs slightly in favor of granting Williams's proposed amendment.

### B.     Whether plaintiff has been dilatory in asking for amendment.

"In analyzing whether a plaintiff has been dilatory in seeking an amendment, district courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment." Penny Realty Inc., 2008 WL 2169437, at *3 (quoting Schindler v. Charles Schwab & Co., Inc., No. Civ.A.05-0082, 2005 WL 1155862, at *4

4

(E.D. La. May 12, 2005)). "Other courts have analyzed this factor by reference to how far the litigation has progressed." Id.

Approximately six months passed between the time the case was removed to this Court and the time Williams filed this motion, and roughly seven months passed from the time he filed his original petition in State Court and this motion. Additionally, at the time Williams filed his motion, there had been no significant activity beyond the pleading stage, as written discovery had just gotten underway. No depositions had been scheduled, and no dispositive motion had been filed. (Doc. 16, pp. 17-18/26). Williams also cites the January 23, 2017 deadline to amend pleadings and add parties. (See doc. 12). His motion to amend was filed eleven days prior to that deadline. (Doc. 16). Conversely, Defendants argue that Williams knew of Smith's involvement at the time he filed his state court petition and could have named Smith as a defendant then. Defendants also note that the parties have served initial disclosures and prepared a Plan of Work.

Courts have found that plaintiffs were not dilatory in similar time frames. See Lowe v. Singh, No. H-10-1811, 2010 WL 3359525 (S.D. Tex. Aug. 23, 2010) (six months between filing in state court and plaintiff's request to amend, and thirty days between defendants' removal and the request); McNeel v. Kemper Casualty Ins. Co., No. Civ.A. 3:04-cv-0734, 2004 WL 1635757 (N.D. Tex. July 21, 2004 (less than five months between plaintiff filing state court complaint and plaintiff's request to amend, and six weeks after removal); Vincent v. East Haven Ltd. Partnership, et al., No.

5

Civ.A. 02-2904, 2002 WL 31654955 (S.D. Tex. Nov. 20, 2002) (amendment five months after petition not dilatory).

As the case is still in its relative infancy, and Williams asserts that he is adding Smith after indication from defense counsel that they plan to attempt to place blame on Smith, the Court finds that Williams has not been dilatory in asking for the amendment. This factor favors joinder.

### C. Whether Plaintiff will be significantly injured if amendment is not allowed.

Courts consider whether the plaintiff may be prejudiced by the financial burden imposed by forcing the plaintiff to maintain parallel lawsuits arising out of the same set of facts in federal and state court. Schindler, 2005 WL 1155862, at *4; see also Penny Realty Inc, 2008 WL 2169439, at *3. Other factors include whether a plaintiff could be afforded complete relief without the amendment, and whether denying an amendment may lead to inconsistent results. Schindler, 2005 WL 1155862 at *4; Legeaux v. Borg-Warner Corporation, No. 16-13773, 2016 WL 6069770, at *4 (E.D. La. Oct. 17, 2016).

Williams contends that the financial burden imposed by forcing him to maintain two lawsuits would prejudice him. Additionally, by not joining Smith, he could not be afforded complete relief, because one of the defenses is that Smith is liable for some percentage of fault.

Although Williams could bring a separate state proceeding against Smith, this would result in parallel judicial proceedings that would increase costs. Furthermore,

the issue of comparative fault could lead to different and inconsistent results in state and federal court. Therefore, the third factor favors permitting the amendment.

    D.    <u>Other factors bearing on the equities.</u>

The fourth factor requires the Court to consider any other factors bearing on the equities. The defendants have an interest in retaining their chosen federal forum, which is not an insignificant consideration under <u>Hensgens</u>. However, courts also consider the possibility that parallel lawsuits will place a burden on the time and resources of the witnesses in the case, as well as judicial resources. <u>Penny Realty Inc.</u>, 2008 WL 2169437, at *3. In addition to the very real possibility of parallel lawsuits in this case, Williams further notes that Prestridge, the driver of another vehicle in the accident, has filed suit in the Ninth Judicial District in Rapides Parish. The possibility that these suits could be consolidated favors remand, because the parties could coordinate discovery, reduce costs, and conserve judicial resources. Furthermore, discovery in this case is still ongoing, and there are no dispositive motions pending. Therefore, the fourth factor weighs in favor of permitting the amendment.

    III.    <u>Conclusion</u>

The balance of the <u>Hensgens</u> factors favor granting Williams leave to amend his complaint to add Larry J. Smith and State Farm Mutual Automobile Insurance Company. And pursuant to 28 U.S.C. § 1447(e), if a district court permits post-removal joinder of a non-diverse party, the court must remand the action to state court.

Therefore, IT IS RECOMMENDED that Williams's Motion for Leave to File First Supplemental and Amending Complaint be GRANTED. (Doc. 16).

IT IS FURTHER RECOMMENDED that this case be REMANDED to the Ninth Judicial District Court for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of June, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

8